## SUPREME COURT.

STOUTENBURGH agt. VANDENBURGH AND STOUTENBURGH.

NINE OTHER SUITS agt. THE SAME DEFENDANTS.

A judgment by confession, without action, can only be entered against the person who signs the confession. One of two partners, or joint debtors, can not confess judgment for both. Such judgment is probably valid as against the party signing, but is void as against the other defendant, and can not not be enforced against the joint property.

In effect the party confessing such a judgment, makes the debt, by his confession, his individual debt.

Where after the confession of such a judgment by one partner, a suit was commenced and judgment *regularly* obtained against both on the same cause of action, and also upon a promissory note, not included in the former judgment, *Held*, on a question of priority of liens, that other judgment creditors could not avail themselves of the objections that a former recovery had been obtained and that the said note did not belong to the plaintiff.

Had the judgment been obtained by fraud or collusion, it would have been competent for them to have avoided it on that ground.

*Before* an execution can be regularly issued *to any county, the judgment* should be docketed in such county. *It seems*, however, that an execution against personal property only, would not be irregular, though the judgment were not docketed in the county to which it was issued.

A judgment was perfected in Columbia county, and a transcript sent to the clerk, and execution (against both real and personal property) to the sheriff of Greene county, on the same day, but the execution was received one day before the transcript was docketed, *Held*, that the execution became operative in the hands of the sheriff from the time the judgment was actually docketed in Greene county, and took priority from that time.

The provisions of the Code relating to attachments are applicable *to one of* several joint debtors; but the statute does not authorize the joint property of several defendants to be seized upon an attachment against one of them. It is only his individual interest that is liable to such seizure.

*Albany Special Term*, 1852. *Priority of liens.* The defendants Vandenburgh and Stoutenburgh were partners in trade, doing business at Coxsackie. Shortly before the 11th of November 1851, Vandenburgh absconded. On the day last mentioned, Stoutenburgh confessed a judgment in favor of Walton S. Stoutenburgh, pursuant to the 382d section of the Code, for $630·05. Judgment was entered in form against both partners. On the

Stoutenburgh agt. Vandenburgh and Stoutenburgh.

same day an execution was issued and levied upon the partnership property. On the 13th of November, Journeay & Clark, holding a debt of $1080 against the partnership, procured an attachment against Vandenburgh, as an absconding debtor, which was levied upon the interest of Vandenburgh in the partnership property. The summons and complaint in the same action was served upon Stoutenburgh. The summons was served on Vandenburgh by publication. On the 15th of November, Compton & Turner, having a debt of $1181·23 against the partnership, also obtained an attachment against Vandenburgh, by virtue of which Vandenburgh's interest in the goods was seized. The summons in this action also was served by publication against Vandenburgh, and personally on Stoutenburgh. On the 17th of November, Kirtland & Barker entered a judgment against both partners upon the confession of Stoutenburgh, without action, for $137·74. On the 16th of December, Walton S. Stoutenburgh recovered in an action brought against the partners, in which the summons was served upon Stoutenburgh alone, a judgment for $788·90. This judgment was upon the same debt for which the judgment by confession had been taken, and also a note of $150, which had not been included in that judgment. On the 25th of December the Tanners Bank recovered a judgment against the partnership, upon service of the summons and complaint on Stoutenburgh alone, for $312·77. On the 30th of December, the Hudson River Bank recovered two judgments in the same manner against the partnership, one for $320·27, and the other for 370·21. On the first day of January 1852, George Reed and others recovered a judgment by confession, without action, for $506·25. This judgment, though the confession was by Stoutenburgh alone, was entered in form against both partners. On the 1st of January 1852, The Catskill Bank recovered a judgment against the partnership for $1311·60, upon service of the summons and complaint on Stoutenburgh alone. Executions were issued upon all these judgments on the same day on which they were recovered, and levied upon the goods of the partnership. The transcripts of the judgments in favor of the Hudson River Bank, were not filed in the office of the clerk of Greene until the first day of January, though the executions were de-

Stoutenburgh agt. Vandenburgh and Stoutenburgh.

livered to the sheriff on the 31st of December. The sheriff sold the property upon which he levied, on the 10th of January. The proceeds amount to about $2500, which sum he holds subject to the order of the court, determining the priority of the liens thereon.

K. MILLER, *for attaching creditors.*

H. HOGEBOOM and J. C. VAN DYCK, *for W. S. Stoutenburgh.*

J. POWERS, *for Tanners Bank and Catskill Bank.*

J. H. REYNOLDS, *for Hudson River Bank.*

HARRIS, Justice.—At common law, a plaintiff could only proceed against a joint debtor, not served with process, by outlawry. The authority to enter judgment against any person not so served, is derived from statute. It is provided by the 136th section of the Code, that when an action is brought against several persons jointly indebted upon contract, the plaintiff, if the summons has been served on one or more, but not on all, may enter judgment against all the defendants, and enforce it against their joint property. The same provision is found in the Revised Statutes (2 *R. S.* 377). But this authority is only given in cases where an action has been commenced. Process must have been served upon one or more of the joint debtors before such a judgment can be entered. A judgment may be entered by confession, without action; but such a judgment can only be entered against the person who signs the confession. Three of the executions against these defendants were issued upon judgments confessed by Stoutenburgh alone. They are probably valid as against him, but they are void as against Vandenburgh. The partnership effects are not liable for the satisfaction of such judgments. All that the sheriff could legally sell upon these executions was the interest of Stoutenburgh in the surplus, after the partnership debt should be paid. In effect, he made the debts, by his confession, his individual debts (Crane vs. French, 1 *Wend.* 311; Grazebrook vs. McCreedie, 9 *Wend.* 437).

On the other hand, the judgments entered in the suits in which Stoutenburgh had been, in due form of law, brought into court, are sustained by the provisions of the statute, and the executions, when issued and levied, became a lien upon the joint property of the defendants (Pardee vs. Haynes, 10 *Wend.* 631).

Stoutenburgh agt. Vandenburgh and Stoutenburgh.

It was insisted upon the argument that the judgment recovered by Walton S. Stoutenburgh, in the action brought by him, was void, on the ground that a part of the notes upon which that judgment is founded had been included in the judgment by confession, and that, though the plaintiff was liable as endorser, upon the $150 note included in that judgment, it was still held by the Tanners Bank.   But I do not think this objection is available to the plaintiffs in the other executions.   It may be, that, if Vandenburgh had been sued, he might have set up by way of defence to the action, that a prior judgment had been obtained against Stoutenburgh individually for a part of the same debt, and that the residue of the debt belonged to the Tanners Bank. However this might have been, I do not see that the other creditors can be permitted to make this defence for him.   Had the judgment been entered by fraud or collusion it would have been competent for them to have avoided it on that ground.   But this is not pretended.   The debts upon which the judgment was recovered were, it is to be assumed, valid debts against the partnership.   And though a state of things appears which might have furnished Vandenburgh a technical legal defence to the action, it is apparent that substantial justice is done by allowing the judgment to be enforced.   As against these creditors, it is to be presumed that the judgment was regularly recovered, and upon a valid indebtedness.

A question has also been raised between the Hudson River Bank and the Catskill Bank, as to the priority of their executions. The Hudson River Bank judgments were entered in Columbia county, on the 30th of December.   A transcript was, on the same day, forwarded to the clerk of Greene, with directions to docket the judgment in that county.   On the same day, an execution was forwarded to the sheriff of Greene.   The execution was received on the 31st of December, but the judgment was not docketed in that county until the 1st day of January, at 10 oclock A. M.   The execution in favor of the Catskill Bank was issued on the same day, at 11 o'clock A. M., the judgment having been docketed at 10½ A. M. of the same day.

The 287th section of the Code authorizes an execution against the property of the judgment debtor to be issued to the sheriff of

any county *where the judgment is docketed.* It was held in
Stephens vs. Browning (1 *Code Rep.* 123), that notwithstanding
this provision, an execution against personal property merely,
might be issued to any county, though the judgment had not been
docketed there.   There is certainly some plausibility in the dis-
tinction taken in the case referred to, between an execution
against personal property and one which requires the sheriff to
satisfy the judgment out of real as well as personal property.
There is really no connexion between the *docketing of the judg-*
ment and the lien upon personal property which is acquired only
by a levy.   But I very much doubt whether the legislature con-
templated any such distinction.   I am inclined to think that a
true construction of the section referred to requires that before
an execution can be regularly issued to any county, the judg-
ment should be docketed in such county.   It may be that an
execution, against personal property only, would be regular.   I
think it should be so held.   Nor will I say that it should be held
to be irregular to issue such an execution to a county where the
judgment had not been docketed.   But I think it very clear that
the legislature had no reference to such an execution.

But however this may be, I think the Hudson River Bank
executions became operative in the hands of the sheriff from the
time the judgments were actually docketed in Greene (Clute vs
Clute, 4 *Denio,* 241; Walters vs. Sykes, 22 *Wend.* 566).   As
they were thus docketed before the Catskill Bank judgment was
entered, the executions upon these judgments are entitled to
priority.

The only question that remains relates to the effect of the
attachments issued in favor of Journeay & Clark and Compton &
Turner.   These attachments were regularly issued.   There can
be no doubt, I think, that the provisions of the Code relating to
attachments are applicable to one of several joint debtors.   To
the extent, therefore, of the property liable to seizure upon those
attachments, the plaintiffs therein acquired a priority over judg-
ments subsequently recovered.   But the statute does not author-
ize the joint property of several defendants to be seized upon an
attachment against one of them.   It is only his individual inter-
est that is liable to such seizure.   That interest the plaintiffs in

the attachments have a right to hold as security for the satisfaction of their judgments, when recovered. This right in the present case, proves to be valueless. Other creditors have acquired a lien upon the interest of one of the partners merely, but upon the partnership property to the full extent of its amount; so that the interest of Vandenburgh, which was all that could be held under the attachments, is worthless.

An order must be entered declaring the rights of the parties, and directing the application of the moneys, upon the principles above stated. The motion does not present a proper case for charging any of the parties with costs. (a)

(a) This order was subsequently affirmed upon appeal to the general term.