## SUPREME COURT.

JOSEPH ABELS agt. ISAAC N. WESTERVELT and HENRY CAMP.

The *property of a copartnership* cannot be seized and sold on an *attachment* issued against *one* of the partners only. It is only the *interest* in the property of the partner in the attachment that can be seized and sold, which is his share in the *surplus* of the property, after payment of the partnership debts.

The other partner has a right, as against such an attachment, to *retain* the property for the purpose of paying the debts of the partnership.

*New York General Term, September,* 1862.

INGRAHAM, LEONARD and ROSEKRANS, *Justices.*

APPEAL from an order of special term.

By the court, ROSEKRANS, Justice. The order of the special term should be affirmed.

Westcott obtained a judgment in the marine court against the defendants upon a debt which they owed as partners. A transcript of this judgment was filed on the first day of October, 1860, in the office of the clerk of the city and county of New York, and an execution issued on the same day to the sheriff of that county, who levied upon the partnership property of defendants, and sold it, and realized the fund which is the subject of this motion. The plaintiff in this action obtained his judgment several days after

Westcott's execution was issued. He claims, however, the money in the sheriff's hands should be applied to the payment of his judgment, because, in September, 1860, he obtained an attachment in his action against Westervelt & Camp, directing the sheriff to attach the property of Westervelt alone, the attachment having been issued upon an affidavit that Westervelt was a non-resident of the state, and that by virtue of that attachment the sheriff seized the property sold on Westcott's execution, several days before Westcott obtained his judgment. Now, it is well settled, that upon an attachment against the property of one partner, the sheriff can only seize the interest in the property of the defendant in the attachment, and that interest, in the case of partnership, is the share of the partner in the surplus of the property after the payment of the partnership debts. The sheriff could not, under Abels' attachment, take the property of the partnership, which was sold on Westcott's execution. Camp, as partner, was entitled to retain it for the purpose of paying the debts of the partnership. (*In the matter of Smith, an absconding debtor*, 16 *John. R.*, 102; *Stoutenburgh* agt. *Stoutenburgh & Vanderburgh*, 7 *How. Pr. R.*, 229; *Sears* agt. *Gearn, id.*, 383.)

The execution of Westcott has a priority over the attachment of Abels. All of the defects in the execution of Westcott, which are urged by Abels, are amendable, and cannot be raised by any one except the defendant in the execution.

The order of special term is affirmed, with costs.

INGRAHAM and LEONARD, JJ., concurred.