## New York Marine Court.

*Special Term—March*, 1877.

### WALTER WESTON *against* CLAUDIUS B. CONANT.

An attachment issued against one of the members of a copartnership firm cannot be levied upon debts due to the firm.

Only tangible property of the firm can be attached, such as can be sold upon execution.

McADAM, J.—Upon an attachment issued against the defendant herein, the sheriff has attempted to attach a debt owing from a third person to a firm of which the defendant is a member. The firm ask to have the attachment upon the debt released ; upon the ground that debts owing to a firm cannot be attached in an individual action against one of their members. This question is the one to be decided.

That tangible partnership property may be levied upon under an attachment against one partner is settled (Smith *v*. Orser, 42 *N. Y.* 132), although only the interest of the defendant can be sold (Abels *v*. Westervelt, 24 *How. Pr.* 284) ; but this right does not extend to intangible partnership equities, like debts due for, the reasons stated in Barry *v*. Fisher (8 *Abb. N. S.* 369.; S. C., 39 *How. Pr.* 521). This is the rule laid down in *Drake on Attachments* (3 ed. §§ 567, 570), which seems amply sustained by authority. The

motion to declare the service of the attachment inoperative will therefore be granted (see also 12 *Wend.* 131 ; 1 *Abb. N. S.* 304 ; 2 *Johns.* 280).