## ANDERSON v. SHUTTS et al.

(Supreme Court, Appellate Division, Third Department. June 27, 1906.)

**1. JUDGMENT—CONFESSION—SUFFICIENCY.**

Under Code Civ. Proc. § 1274, subd. 2, providing that if a judgment be confessed for money due it must state concisely the facts out of which the debt arose, and show that the sum confessed is justly due, a confession of judgment, stating that the indebtedness arose on a promissory note given by defendants to plaintiff on a certain date for a certain sum then due to the plaintiff from the defendants, and theretofore had by the defendants from plaintiff, was sufficient.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 76.]

**2. SAME—INCLUSION OF COSTS—AMOUNT.**

Under Code Civ. Proc. § 1274, authorizing confession of judgment, and section 1275, making defendants liable upon the entry of such a judgment for $15 costs besides disbursements, a confession of judgment including costs to the amount of $16.68 was not irregular for this reason, although it did not appear that the costs were formally taxed the clerk.

Appeal from Special Term.

Motion by Harriet A. Lockwood to vacate a judgment entered by confession in favor of Peter S. Anderson against Chester Shutts and another. From an order denying the motion, movant appeals. Affirmed.

This is an appeal from an order denying a motion made by Harriet A. Lockwood, as executrix of the last will and testament of Gordon W. Lockwood, deceased, a judgment creditor of the defendant Chester Shutts, individually and as administrator of the estate of his wife, Mary Shutts, to vacate a judgment against him and his wife, entered upon their confession made May 28, 1897, in favor of one Peter S. Anderson. The first paragraph of the confession is in the usual form, authorizing the entry of judgment in favor of the plaintiff against the defendants for $277.65. The remainder of the confession is as follows:

"This confession of judgment is for money due to the said plaintiff from us and each of us, and the following is a concise statement of the facts out of which the debt arose: The above indebtedness arose on a promissory note made and given by defendants to plaintiff on the 17th day of April, 1893, for the sum of two hundred and forty-two dollars, for money then due to the plaintiff from the.said defendants, and theretofore had by said defendants from the said plaintiff, with interest; said note becoming due April 17, 1894. and on which is indorsed the sum of forty dollars and fifty cents on account of interest. and upon which said note there is this day due the sum of two hundred and sixty dollars and ninety-seven cents, with sixteen 68/100 dollars, now due from the defendants to plaintiff as costs, a copy of which note, together with indorsements, is hereto annexed and marked 'Schedule A.' And the sum confessed therefor is justly due.        Mary Shutts,

"Chester Shutts,

"Defendants."

The confession is duly verified by both the defendants, and annexed thereto is a copy of a promissory note signed by both of them, dated April 17, 1893, in which one year after date, for value received, they jointly and severally promise to pay Peter S. Anderson or bearer $242, with interest, and in which the said Mary Shutts makes the note and the payment thereof a lien and claim on her separate estate. There is indorsed upon the note eight different payments on various dates from March 11, 1893, to May 19, 1897, of small amounts received for cord wood, aggregating, in all, $40.50. The judgment as entered was for $260.97 damages and $16.68 costs, amounting, in all, to $277.65.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

J. L. Crandall, for appellant.
Edward F. McCormick, for respondent.

CHESTER, J. Section 1274 of the Code of Civil Procedure provides, in subdivision 2 thereof, that "if the judgment to be confessed is for money due, * * * it must state concisely the facts out of which the debt arose, and must show that the sum confessed therefor is justly due. * * *" The only attack made upon this confession is that it is insufficient under this provision and is for an excessive amount.

The confession does not rest upon the statement that the indebtedness arose upon the promissory note set out, but it goes further than that, and, after stating that it arose upon such note, and describing it as one given by defendants to plaintiff on the 17th day of April, 1893, for the sum of $242, it is recited that it was "for money then due to the plaintiff from the said defendants, and theretofore had by said defendants from the said plaintiff, with interest." The case thus appears to be brought squarely within the decision in the leading case of Freligh v. Brink, 22 N. Y. 418. In that case it was stated that the indebtedness arose upon a promissory note made by the defendants to the plaintiff, dated June 21, 1854, in the sum of $700, with interest; "that amount of money being had by the defendants of the plaintiff," and stating the amount justly due thereon at the date of the confession, and it was held that the statement was sufficient. There appears to be no substantial difference in principle between the confession there under consideration and the one here. The purpose of the provision requiring the defendant in the confession to state the nature and circumstances of the indebtedness is to protect creditors from judgments fraudulently confessed (Teel v. Yost, 128 N. Y. 387, 28 N. E. 353, 13 L. R. A. 796), and to enable any party interested to investigate the matters, to ascertain whether the confession is accurrate, honest, and bona fide. Wood v. Mitchell, 117 N. Y. 439, 22 N. E. 1125. The confession was not attacked until nearly nine years after it was made. Nothing appears to cast the slightest suspicion upon it, or to show that it was not honestly made upon a bona fide obligation of the defendants to the plaintiff. On the contrary, the number of indorsements on the note, covering a period of several years, goes a great way to indicate that it was a valid obligation between the parties at the time of the confession.

Measured by the authorities mentioned, and having in view the purpose of the statute referred to, this confession, on a note given for money "then due" and "theretofore had" by the defendants from the plaintiff, appears to be sufficient.

It is further urged that the confession is excessive because the defendants authorized the plaintiff to include in it $16.68 costs as a portion of their indebtedness. Under section 1275 of the Code of Civil Procedure, the defendants were liable upon the entry of the judgment by confession to the amount of $15 costs, besides disbursements taxable

in an action. While it does not appear in this record that the costs and disbursements were formally taxed by the clerk, yet we may assume that, as he certified the judgment, including a statement of costs and disbursements to the amount of $16.68, that they were properly taxed and included therein, and the judgment should not be vacated because the defendants admitted in their confession that they were liable for this amount of costs in addition to the amount of the note and interest.

The order should be affirmed, with $10 costs and printing disbursements. All concur.