JESSE SHENSON, Respondent, v. I. SHAININ & COMPANY, INCORPORATED, and Others, Appellants.— The parties having stipulated in writing that this appeal may be decided by a court of four justices, the decision of the court is as follows: Order denying motion to vacate and set aside a judgment entered on confession modified by vacating the judgment as to Aron Shainin and striking therefrom the provisions imposing a condition on defendant I. Shainin & Company, Incorporated, for vacating the order as to it, and as so modified affirmed, without costs. This case rests on an agreement providing for confession of judgment. The agreement was executed by defendants Bernard Shainin and Solomon Shainin and purports to have been executed by Aron Shainin by Solomon Shainin as attorney in fact, but defendant corporation was not a party to it. It is sought to hold the corporation on the theory that it not only adopted the contract, but benefited by its provisions. While the judgment may be irregular as to defendants Bernard Shainin and Solomon Shainin, in that the statement was not verified (Civ. Prac. Act, § 541), it is not void and may be amended. (Carmody's New York Practice, vol. 5, § 1556; 15 Ruling Case Law, § 102, p. 655; Teel v. Yost, 128 N. Y. 387; Neusbaum v. Keim, 24 id. 325; Cook v. Whipple, 55 id. 150; Anderson v. Shutts, 114 App. Div. 308; Hirsh v. Blair, 188 id. 119, 128.) The judgment, however, is void as to defendant Aron Shainin in that the confession purports to have been executed on his behalf by an attorney in fact (United States Fidelity & Guaranty Co. v. Shickler, 199 App. Div. 74; Starck Piano Co. v. O'Keefe, 211 id. 700; McFarren v. St. John, 14 Hun, 387), and, as to defendant I. Shainin & Company, Incorporated, for the

reason that the confession was not in fact executed by it, and it was entitled to have the judgment vacated unconditionally. (Civ. Prac. Act, §§ 540-542, inclusive.) (See, also, *Stoutenburgh* v. *Vandenburgh*, 7 How. Pr. 229; *Lambert* v. *Converse*, 22 id. 265; *Tripp* v. *Saunders*, 59 id. 379, and cases therein cited.) Lazansky, P. J., Hagarty and Carswell, JJ., concur; Davis, J., concurs in result with the following memorandum: I concur in result except as to defendant Aron Shainin and to defendant I. Shainin & Company, Incorporated. As to defendant Aron Shainin it seems clear that he executed the contract by an attorney in fact under a power authorizing such execution; and by his acts and conduct that defendant has subsequently authorized such execution. Likewise I think the defendant corporation, which is merely a representative of the individual defendants, has adopted the contract as its own, made payments and otherwise performed, and has become bound although not formally a party thereto. It is doubtful that the provisions of the Civil Practice Act in respect to confession of judgment have any application to the case. The provisions in the contract were not intended to be a confession of judgment, but rather an apparent consent and stipulation that judgment should be entered by voluntary appearance, submission to jurisdiction and waiver of issuance of process. (*Teel* v. *Yost*, 128 N. Y. 387; *Gilbert* v. *Burnstine*, 255 id. 348; *Morris* v. *Douglass*, 237 App. Div. 747; 1 Freeman Judgments [5th ed.], § 344.) If such was the real purpose of the parties, it was inadequately expressed. There was lack of appearance or definite waiver of service of process, and failure to designate the court on which jurisdiction was conferred and to appoint an attorney with power to enter judgment. The agreement was sufficient to deprive defendants of all defenses, so we may be justified in treating it as a confession of judgment to avoid further circuity of action. If judgment is to stand, I am in favor of its standing as against all defendants.