BENJAMIN SOLOMON, as Trustee in Bankruptcy for I. SHAININ & COMPANY, INCORPORATED, a Bankrupt, Plaintiff, *v.* EMIL N. BAAR and Others, Defendants.

Supreme Court, New York County, June 15, 1938.

*Arthur Hutter* [*Isidore E. Schlesinger* and *George Weiss* of counsel], for the plaintiff.

*Jay Leo Rothschild* and *Walter S. Beck*, for the defendants Emil N. Baar, John J. Bennett, Jr., and William G. Fullen.

*James E. Whalen* [*Jay Leo Rothschild* and *Walter S. Beck* of counsel], for defendant Arthur E. Lehrfeld.

*Arthur Block* [*Jay Leo Rothschild* and *Walter S. Beck* of counsel], *pro se.*

McGoldrick, J. This is an action brought by permission of the Federal court by the trustee in bankruptcy for I. Shainin & Company, Incorporated, against the six defendants. The first three are attorneys, associated as partners in a law firm; the other two are also attorneys, but in the employ of the partnership. The action as to these two has been severed. The last named defendant, Jesse Shenson, has not been served and is not now before the court. It may be of interest to note, however, that he was a client of the law partnership, the activities of which, on his behalf, led to plaintiff's alleged grievance.

Plaintiff seeks to recover damages for the activities of the defendant attorneys whereby they obtained a judgment by confession against I. Shainin & Company, Incorporated. The complaint alleges that the defendant Shenson, by the law partnership, procured, *ex parte*, the entry of such judgment; the issuance of execution thereon; the possession by the sheriff of the property of the corporation under a levy, preventing it from doing business; the service of an order in supplementary proceedings on its bank depository, preventing it from paying creditors in regular course; that before such judgment was finally vacated, there being no stay of execution, the corporation was compelled to file a voluntary petition in bankruptcy in order to avoid a sale upon execution under the judgment which thereafter turned out to be void; that after its business was already virtually destroyed there came the disposition by the higher court pronouncing the judgment void; and that as a result of these proceedings plaintiff claims damages to the extent of $200,000, and additional punitive damages in the sum of $150,000.

Being unsuccessful in its attempt to vacate the levy, the corporation appealed to the Appellate Division, which modified the judgment by declaring it void as against it. Upon permissive appeal by Shenson the order was affirmed on the ground that there was no authority to enter any judgment by confession.

It seemed to the court that the question in the case in the first instance was one of law. Accordingly, in order to avoid a prolonged trial the parties stipulated, prior to the presentation of the case before the jury, that, first, documentary proofs would be received and the jury thereafter excused in order to give the court an opportunity to study the question as to whether a *prima facie* case of liability in favor of the plaintiff had been proven, the damages being conceded for purposes of the record only; that in the event the question of law was decided in favor of the defendants it would be unnecessary to proceed with the trial and judgment would be entered accordingly; that if the court held that a case had been made out in favor of the plaintiff the present jury would be dis-

charged and a trial *de novo* would be had before the court, but before another jury; and that the foregoing should not be deemed a waiver of a jury trial.

After a jury was impaneled, documentary evidence was received from both sides, together with the briefs of counsel.

Upon the record thus presented, I am to decide whether plaintiffs have established a cause of action on such liability.

The facts as established from the documentary evidence show: The agreement under which the series of notes here involved was issued contained the following provision: " In the event of a default in the payment of the principal sum of any one of a series of certain notes  *  *  *  the second party (Shenson) shall have the option, and he is hereby given the option, of declaring the remaining unpaid notes to become immediately due and payable without any further notice to the first parties, and the second party shall have the right to enter judgment for the full amount of the unpaid balance of said notes, together with costs and disbursements, without any further notice." The parties of the first part in that agreement were Bernard Shainin, Solomon Shainin, and Aron Shainin by Solomon Shainin, attorney-in-fact, Aron Shainin then being in China. The corporation not yet having been organized was not a party thereto; but the agreement provided that upon the organization of the corporation Shenson would accept at the option of the makers of the notes, in lieu of such notes, new corporate notes. The corporation became indebted to Jesse Shenson on sixteen notes, each in the sum of $2,500. These were executed by the corporation and indorsed by defendants Bernard Shainin, Solomon Shainin, and Aron Shainin by Solomon Shainin, attorney-in-fact. After payment of nine of these notes in full the corporation and the indorsers remained indebted to Shenson in the sum of $14,933.07.

On the 25th day of June, 1934, the defendant attorneys presented an application for judgment *ex parte* to the Supreme Court, Kings county, in Special Term, Part II. The application was based upon the affidavit of one of the defendant attorneys setting forth the balance due in the sum of $14,933.07, together with interest in the sum of $2,425.49. Facts showing how the amount was arrived at were set forth. The amount of the " outstanding Promissory Notes " was admitted in letter addressed to the defendant attorneys on April 25, 1934, and signed on letterhead of the corporation by " I. Shainin & Company Incorporated by S. Shainin," as $14,933.07. Various agreements concerning the inception of the debt were annexed to the application. There were no summons and no confession of judgment. in the technical sense of the word, annexed

to the papers. The order directing the entry of judgment was signed by the justice sitting in Part II on June 25, 1934. A transcript was filed in the office of the clerk of New York county on June 26, 1934, and execution issued to the sheriff of the county of New York, who levied upon the property of the corporation. An order in supplementary proceedings was likewise served on the same day upon the bank in which such company had an account with a balance therein to its credit.

On July 7, 1934, another justice of the Supreme Court, sitting in and for the county of Kings, in the Matter of Jesse Shenson v. I. Shainin & Company, Incorporated, decided: " Motion to vacate and cancel judgment is granted on condition that defendants furnish a bond in the sum of $15,000." (N. Y. L. J. July 7, 1934, p. 59.) An order to that effect was entered on July 11, 1934. No such bond was furnished.

On July 19, 1934, I. Shainin & Company, Incorporated, applied to the Appellate Division of the Supreme Court in and for the Second Judicial Department for a stay of the sheriff's sale under the aforesaid " levy." Pending an appeal from order which denied a motion to vacate the " judgment " the presiding justice granted such stay conditionally only, the stay, under the provisions of his order, to prevail only so long as I. Shainin & Company, Incorporated, would pay the charges of the sheriff's custodians beginning July 20, 1934. No such charges were paid.

On August 2, 1934, a justice of the Supreme Court sitting in and for the county of New York, in the same matter, denied a motion to vacate the third-party order served on the bank (N. Y. L. J. Aug. 2, 1934, p. 315); and subsequently granted a motion for reargument; and after such reargument, and on September 19, 1934, again denied such motion (N. Y. L. J. Sept. 19, 1934, p. 806).

While the sheriff was still in possession a voluntary petition in bankruptcy was filed by the corporation, apparently to avoid a sale by the sheriff. In the interim, too, an appeal was pending from the order denying the motion to vacate the judgment entered on confession.

On January 25, 1935, the Appellate Division of the Second Department modified the judgment by affirming it as to the individuals Bernard Shainin and Solomon Shainin, but vacating it as to Aron Shainin and as to the corporation. The judgment as to Aron Shainin was held void because such agreement was executed on his behalf by an attorney-in-fact. The judgment as to the corporation was vacated unconditionally, on the ground that the agreement which was treated as a confession had not in fact been executed by it. This determination was concurred in by three of

the four justices sitting on the case. The fourth one dissented in the disposition as to defendant Aron Shainin and as to the corporation. As the dissenting opinion is important in disposing of the question at bar it is reproduced in full (*Shenson* v. *Shainin & Co.*, 243 App. Div. 638, Jan. 1935):

"DAVIS, J., concurs in result with the following memorandum: I concur in result except as to defendant Aron Shainin and to defendant I. Shainin & Co., Incorporated. As to defendant Aron Shainin it seems clear that he executed the contract by an attorney in fact under a power authorizing such execution; and by his acts and conduct that defendant has subsequently authorized such execution. Likewise I think the defendant corporation, which is merely a representative of the individual defendants, has adopted the contract as its own, made payments and otherwise performed, and has become bound although not formally a party thereto. It is doubtful that the provisions of the Civil Practice Act in respect to confession of judgment have any application to the case. The provisions in the contract were not intended to be a confession of judgment, but rather an apparent consent and stipulation that judgment should be entered by voluntary appearance, submission to jurisdiction, and waiver of issuance of process. (*Teel* v. *Yost*, 128 N. Y. 387; *Gilbert* v. *Burnstine*, 255 id. 348; *Morris* v. *Douglass*, 237 App. Div. 747; 1 Freeman Judgments [5th ed.], 344.) If such was the real purpose of the parties, it was inadequately expressed. There was lack of appearance or definite waiver of service of process, and failure to designate the court on which jurisdiction was conferred and to appoint an attorney with power to enter judgment. The agreement was sufficient to deprive defendants of all defenses, so we may be justified in treating it as a confession of judgment to avoid further circuity of action. If judgment is to stand, I am in favor of its standing as against all defendants."

Shenson appealed from such modification to the Court of Appeals upon certified questions, having obtained permission to do so.

The Court of Appeals (*Shenson* v. *Shainin & Co.*, 268 N. Y. 567, July, 1935) affirmed the order of the Appellate Division " on the ground there was no authority to enter any judgment by confession (*Trier* v. *Herman*, 115 N. Y. 163)," and further found, in answer to the certified questions, that the court at Special Term did not have jurisdiction to enter judgment against the defendant Aron Shainin, and that the judgment entered against the defendant I. Shainin & Company, Incorporated, was void for lack of jurisdiction.

A reading of the authority cited by the Court of Appeals makes it clear that the decision was on the technical ground that the forms which justify an entry of judgment by confession had not been duly

complied with as provided by statute. Substantively, a consideration of all the facts here presented makes it appear that if an action had been brought by Shenson by the service of a summons and complaint there would have been no defense thereto except the possible claim of an agreement to extend time of payment. The letter of April 25, 1934 (*supra*), stating the sum of $14,933.07 as a balance on the notes, which corresponds exactly to the amount demanded except for the interest, would probably have foreclosed any successful defense.

There must have been a realization by plaintiff herein that the law firm acted under color of due process in entering the judgment, for he brought an action against the Justice of the Supreme Court sitting at Special Term in the county of Kings, who had signed the order pursuant to which judgment by confession was entered on June 26, 1934. The complaint in that action was dismissed by a justice of the Supreme Court sitting in and for the county of New York (*Solomon* v. *Smith*, N. Y. L. J. Jan. 30, 1936, p. 546). In so disposing of the action on motion there are two sentences in a well-written opinion by Mr. Justice McCOOK, buttressed by unassailable logic, which are here significant and apt: " *Every point mentioned in the majority opinion of the Appellate Division and the opinion of the Court of Appeals is therefore seen to be a debatable one* " (referring to *Shenson* v. *Shainin*, 243 App. Div. 638; affd., 268 N. Y. 567, *supra*). " *I am led to the conclusion that the defendant had jurisdiction in the primary sense of the word, and certainly acted under color of such jurisdiction.*" The dismissal of such complaint was unanimously affirmed by the Appellate Division, First Department (248 App. Div. 703). Motion for leave to appeal to the Court of Appeals was denied by such Appellate Division (248 App. Div. 816), and also by the Court of Appeals (272 N. Y. 679).

In the light of such disposition we may now pass judgment here upon the conduct of defendant attorneys. As has been observed, there can be no doubt that the claim sought to be enforced was meritorious. But because they made an honest mistake in judgment, plaintiff, whom they did not represent, seeks to recover damages against them. Assume that these attorneys had sought in good faith to enforce a claim on which the lower court duly allowed judgment; that after they had used the same methods of execution with the same dire results the higher courts had thereafter reversed the judgment and dismissed the complaint, not because the Supreme Court had no authority to entertain actions of such character and type and proceed thereon to judgment, but because of a procedural defect in the particular case leading to a lack of jurisdiction thereof and, consequently, of the judgment

rendered therein. Would plaintiff have any remedy whatsoever against the attorneys? Would plaintiff have more than a mere judgment for costs against their client? This illustration seems to me a *reductio ad absurdum* of plaintiff's demand for damages against the attorneys of his adversary in endeavoring to liquidate a meritorious claim by defective process.

Although not specifically so alleged in the complaint, the attempt here to hold defendants liable for damages must be based upon malicious prosecution, abuse of process, or upon some form of tort analogous to the ancient form of trespass on the case.

Malicious prosecution must be eliminated because no malice nor want of probable cause is alleged or proven. In fact there is overwhelming evidence that Shenson had a legal grievance.

Does the adoption of the instant incorrect legal procedures subject the defendant attorneys to liability for abuse of process? Abuse of process is not shown by the mere institution of legal or equitable proceedings. The action for the improper use of process lies after it has been issued, not for maliciously causing it to issue. (50 C. J. 614, and cases cited.) To show that regularly issued process was perverted to the accomplishment of an improper purpose is enough. (*Dean* v. *Kochendorfer*, 237 N. Y. 384.) There is no evidence to that effect. It is not alleged, and the record is barren of proof, that process was issued as a result of malice, or of lack of probable cause, or of concealment of any facts from the justice who issued it. The latter has been absolved from any liability for issuing it, although it was thereafter declared void. These differences of judicial opinion on a point of law create *ipso facto* probable cause. So far as the defendant attorneys are concerned it must be deemed regularly issued process until vacated *ab initio*. The form of remedy under the circumstances was a mistake due to an error of judgment for which defendants should not be penalized.

Nor can defendants be charged with trespass. Where attorneys act on their own initiative without the benefit of judicial approval they may be charged with responsibility for a tort of trespass. Their liability, however, is non-existent where, as officers of the court, without pleading and proof of malice and lack of probable cause, the facts have been fairly presented so as to create a basis for a reasonable — though erroneous — conclusion that there was jurisdiction.

Plaintiff contends that the defendant attorneys are responsible because of a judicial mistake in determining whether there was jurisdiction and in which mistake they participated. The theory of the instant case is that liability attaches solely upon the ground that defendant attorneys secured a judgment by confession against

I. Shainin & Company, Incorporated, and undertook its enforcement, such judgment having been subsequently judicially declared void for lack of jurisdiction. In the present situation this contention is untenable. Attorneys are not successfully subject to civil prosecution merely because of the entry under judicial direction, and the attempted enforcement, of a judgment subsequently judicially declared void. They proceeded here with the intervention of judicial approval. They did not exercise any power denied to them by the law. Their honesty and integrity of purpose and action are not questioned. The cases relied upon by plaintiff are easily distinguishable and not here applicable.

It is deduced that the motion to dismiss should be and is granted upon the ground that the plaintiff has failed to establish a case of liability on the alleged cause of action.

Exception is granted to plaintiff. Thirty days' stay and sixty days to make a case.