### Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 10019.   May 23, 1960.]

LOS ANGELES ADJUSTMENT BUREAU, INC. (a Corporation), Appellant, v. THOMAS FRANCIS NOONAN, Respondent.

Melville H. Nahin for Appellant.

Daniel B. Condon for Respondent.

SWAIN, P. J.—The defendant signed a confession of judgment which states, "I, THOMAS FRANCIS NOONAN, do hereby confess judgment herein in favor of LETHA NOONAN and LEWIS GARRETT & LIONEL RICHMAN, attorneys at Law, respectively, and authorize judgment to be rendered and entered against me in the sum of $3000.00, including principal, attorneys fee and costs, with interest from September 8, 1959, in the sum of $71.20." It also states, "This Confession of Judgment is for a debt justly due and owing by me . . . On account of attorney's fees incurred in the matter of NOONAN vs NOONAN and accrued support due LETHA NOONAN under said judgment." The confession of judgment was acknowledged but not sworn to by the defendant. Although it is captioned "LOS ANGELES ADJUSTMENT BUREAU, INC. DBA COMMERCIAL CREDIT BUREAU, Plaintiff vs THOMAS FRANCIS NOONAN, Defendant," the plaintiff is not mentioned in the body of the document. Thereafter, on January 25, 1960, judgment was entered thereon in favor of the plaintiff. On March 4, 1960, the defendant moved to strike the confession of judgment and the judgment "on the grounds . . . that the confession of judgment on file herein confesses judgment to persons other

than the plaintiff.'' The motion was granted and the plaintiff appeals from the order granting the motion and also from an order denying its motion to amend the judgment ''to show the judgment in favor as plaintiffs of the real parties in interest, to-wit LETHA W. NOONAN and LEWIS GARRETT & LIONEL RICHMAN'' (see agreed statement on appeal, p. 2, lines 30-32). The agreed statement also recites, page 3, ''It is agreed between the parties that there is in truth and fact, a sum of money, to-wit, $3000.00, as set forth in the Confession, due, owing and unpaid to the real parties in interest, LETHA W. NOONAN and LEWIS GARRETT & LIONEL RICHMAN. It is further agreed that the claims of said real parties in interest were duly assigned to the LOS ANGELES ADJUSTMENT BUREAU, INC. DOING BUSINESS AS COMMERCIAL CREDIT BUREAU, prior to the execution of the Confession of Judgment.'' The trial court, thus, granted defendant's motion to strike the confession and the judgment, in spite of the undisputed facts that the defendant owed the money to plaintiff's assignors and that the debt had been assigned to the plaintiff prior to the filing of this proceeding.

I. RESPONDENT HAVING ADMITTED THE DEBT TO APPELLANT'S ASSIGNORS AND ITS ASSIGNMENT PRIOR TO THE CONFESSION OF JUDGMENT, WAS IT PROPER FOR THE LOWER COURT TO STRIKE THE JUDGMENT ON THE GROUND THAT IT WAS CONFESSED IN FAVOR OF THE ASSIGNORS AND NOT APPELLANT?

The few California cases interpreting the confession of judgment statutes, Code of Civil Procedure, sections 1132-1135, may be divided into two classes: those in which a second creditor is seeking to set aside the judgment as a fraudulent preference and those in which the debtor seeks to strike a judgment confessed solely by his attorney. In none of the cases was the debtor attempting to strike a judgment in which he had admittedly executed a confession of the judgment. Many of the cases emphasized the necessity for strict statutory compliance. However, the policy behind such a requirement, as noted from these cases, is to prevent a supposed creditor from fraudulently taking advantage of an actual creditor and to prevent a third party from confessing a judgment on behalf of a debtor without verified written proof of the debtor's consent. These policy factors are not present in the case before this court. No creditor was defrauded, nor does the respondent deny that he intended to confess a judgment on behalf of the appellant.

*Richards* v. *McMillan* (1856), 6 Cal. 419 [65 Am. Dec. 521], involves lack of strict compliance with Practice Act 375, the

forerunner of Code of Civil Procedure, section 1133, and states, on page 422, ''The complainant contends that the defendant's judgment against Randall is void, because it was a judgment by confession, and the statute regulating such confessions of judgment was not strictly pursued. The answer to this is, that conceding the irregularity for the purpose of the argument, yet the statute affixes no such consequence to it as to make the judgment a nullity. The intention of the Legislature was to prevent fraudulent confessions, but this cannot be attained by destroying virtuous judgments, although their preliminary proceedings may be affected by irregularity. This view is not at all destructive of the wholesome operation of the statute, for it is clear to our minds that when the statute is not strictly pursued it is *prima facie* evidence of fraud, and this because where a party fails to make all the disclosures required by the Act, the presumption is that he has something to conceal. But this presumptive evidence, like all presumptions, can be rebutted. It merely throws upon the plaintiff the burthen of proving that his judgment was fair, and not fraudulent.'' Thus, the case emphasizes that a court is not limited by what is, or is not, stated on the face of the confession of judgment, but may receive other evidence pertaining to its execution in order that a ''virtuous judgment'' need not be destroyed. This court has the necessary additional disclosures, e.g., the admissions of the debt and the assignment, which rectify any omission in the body of the confession of judgment. No fraud or deceit was committed upon respondent. To the contrary, appellant's affidavit in support of its motion to amend indicates that the confession was for the benefit of respondent, in order that certain real estate titles possessed by respondent might be cleared from the lien of a judgment for this alimony and attorney fee in a divorce case.

The present situation is governed by the constitutional directive found in article VI, section 4½ which states that no judgment should be ''set aside'' unless ''the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.'' The lower court in the present case ordered the judgment stricken and, therefore, ''set aside'' on an omission which surely did not result in a miscarriage of justice. Although no cases state that article VI, section 4½ applies to judgments resulting from a confession, a reading of the section indicates that it does apply for the section begins by stating, ''No judgment shall be set aside. . . .'' There is no reason why the same rationale and policy factors behind the

constitutional provision should not apply to the order setting aside the judgment in the present case.

This trend to uphold justice rather than technicalities is further illustrated in the field of pleading where Code of Civil Procedure, section 452 states that "allegations must be liberally construed, with a view to substantial justice between the parties." Code of Civil Procedure, section 475 instructs the courts to disregard any error "in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties," and that no judgment shall be reversed or affected by reason of any error unless the party "sustained and suffered substantial injury."

A long line of Pennsylvania cases concerning confessions of judgment apply this trend toward justice by stating, "formal defects, mistakes and omissions in confessions of judgment may be corrected by amendment where the cause of action is not changed, where the ends of justice require the allowance of such amendment, and where the substantive rights of defendant or any third persons will not be prejudiced thereby." *Loyal Order of Moose* v. *Ellis*, 55 Lanc. Rev. 283; and *West Penn Sand & Gravel Co.* v. *Shippingport Sand Co.* (1951), 367 Pa. 217 [80 A.2d 84, 86].

Since respondent, according to the agreed statement, admits both the debt and the assignment, it is difficult to see that a substantive right will be prejudiced by the court reversing the order of the lower court. Respondent merely seems to be fighting a delaying action to avoid paying an admittedly just debt.

The one case cited by respondent, *Barnes* v. *Hilton* (1953), 118 Cal.App.2d 108 [257 P.2d 98], is not in point since it does not involve a confession of judgment admittedly executed by the debtor, but rather, a confession executed by an attorney acting for the debtor, and proof of the attorney's authority is lacking.

II. MAY RESPONDENT RELY UPON THE LACK OF A VERIFICATION?

Defendant's motion was not made on the ground that the confession was acknowledged but not verified as required by Code of Civil Procedure, section 1133. That point was first made on appeal.

Section 541 of the New York Civil Practice Act also requires that the confession of judgment be verified. However, in the same situation as the present case the New York courts hold that "a defendant cannot impeach a judgment which is

based upon his signed statement even though it be unverified or unacknowledged." *Mullin* v. *Bellis* (1949), 90 N.Y.S.2d 27, 28. And that in such a situation the statement may be amended. *Shenson* v. *I. Shainin & Co.* (1935), 243 App. Div. 638 [276 N.Y.S. 881, 882].

Since the California cases are not particularly informative as to the absolute necessity of a verification, the policy factors behind this requirement of the statute might be examined. As illustrated by the early cases, one important reason was to discourage a debtor from avoiding valid creditors by falsely confessing a judgment in favor of a false creditor, and to prevent otherwise fraudulent preferences.

A verification is seldom for the benefit of the one who verifies, but is for the purpose of discouraging the individual from uttering false statements, such as in pleadings and criminal complaints. The omitted requirement was never intended for respondent's benefit. The important consideration for this court is whether or not the confession was in fact signed by the respondent as an intended confession. This fact is undisputed.

In view of the fact that we reverse the order striking the original judgment and hold that the assignee is a proper plaintiff, we should affirm the order denying motion to substitute plaintiff's assignors for the plaintiff.

The order striking the confession of judgment and striking the judgment is reversed. The original judgment is thus restored. The order denying plaintiff's motion to correct the judgment is affirmed. Costs are awarded to the plaintiff-appellant.

Huls, J., and Smith, J., concurred.