THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ANTHONY DENTINE, Respondent.

First Department, February 2, 1967.

*Peter R. De Filippi* of counsel (*Isidore Dollinger, District Attorney*), for appellant.

*Saverio A. Muschio* of counsel (*Caiola & Victor*, attorneys), for respondent.

McNALLY, J.   On July 10, 1964, defendant's apartment in Bronx County, New York, was subjected to search by officers of the Police Department of the City of New York. The apartment was entered at 8:15 P.M.   The search was concluded at 9:45 P.M., and the defendant placed under arrest.   Some of the officers remained at the apartment.   After the defendant had been removed, at about 11:00 P.M., one Bramante entered the apartment for the purpose of meeting a certain woman, the subject of an alleged abortion by the defendant.   Bramante furnished the officers with the name of the woman.   Bramante and the woman thereafter testified before the Bronx Grand Jury which handed down the indictment against the defendant.   The identity of the alleged victim of the abortion was unknown to the authorities prior to Bramante's disclosure.

The search of defendant's apartment was conducted under authority of a search warrant issued July 10, 1964, out of the Criminal Court of the City of New York, Bronx County. The search warrant was vacated and the evidence seized thereunder suppressed by order, dated December 28, 1964, of the Supreme Court, Bronx County. The vacatur followed defendant's motion to controvert, raising issues of fact and law which were resolved after a hearing and testimony. (Code Crim. Pro., § 807.) This proceeding was instituted thereafter to suppress all the evidence supporting the indictment against the defendant on the ground that it stemmed from " an unlawful trespass under a void search warrant " in violation of defendant's rights under the United States and New York State Constitutions.

The order under review suppresses the Grand Jury testimony of Bramante and the said woman.

*Mapp* v. *Ohio* (367 U. S. 643) proscribes State court use of evidence obtained by searches and seizures in violation of the Fourteenth Amendment of the Constitution of the United States. Moreover, " if the evidence to which objection is made was acquired by exploitation of the primary illegality, such evidence must also be excluded." (*People* v. *Robinson,* 13 N Y 2d 296, 301.)

A constitutionally unreasonable search may be consequent either on a search without a warrant or probable cause, or one resulting from trespass or other illegality. Here involved is a search based on a warrant thereafter vacated after a hearing.

Bramante did not enter defendant's apartment until after the search of the apartment had been completed, and the defendant placed under arrest and removed therefrom. Bramante's presence at the apartment was neither related to nor induced by the search. The police officers were then in the apartment under color of the search warrant, later vacated upon the resolution of factual and legal issues after a hearing and testimony. The initial entry of the officers was with judicial approval. (*Bornstein* v. *Levine,* 7 A D 2d 843.) In the circumstances the police officers in defendant's apartment at the time Bramante appeared were not trespassers. (*Fischer* v. *Langbein,* 103 N. Y. 84; *Marks* v. *Townsend,* 97 N. Y. 590; *Bornstein* v. *Levine, supra; Solomon* v. *Baar,* 168 Misc. 439, affd. 255 App. Div. 849.)

Absent a substantial link between the search and the testimony, it would seem that the causal relation had " become so attenuated as to dissipate the taint." (*Nardone* v. *United States,* 308 U. S. 338, 341; *Wong Sun* v. *United States,* 371 U. S. 471, 491.)

We do not reach the question whether the discovery of the names of witnesses, the fruit of an unreasonable search, warrants the suppression of their testimony before the Grand Jury. Here is not involved testimony induced or shaped by the product of illegality. (See *United States* v. *Tane,* 329 F. 2d 848, 853 [C. A., 2d Cir.]; cf. *Smith* v. *United States,* 344 F. 2d 545; *People* v. *Albea,* 2 Ill. 2d 317; contra, *Smith* v. *United States,* 324 F. 2d 879, 881, 882 [C. A., D. C.]; *Payne* v. *United States,* 294 F. 2d 723, 726, 727 [C. A., D. C.].)

The order entered January 6, 1966, should be reversed on the law, and the motion denied.

STEUER, J. P., CAPOZZOLI and TILZER, JJ., concur.

Order, entered on January 6, 1966, unanimously reversed, on the law, and defendant's motion denied.